IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE OF BOSCO CREDIT VI TRUST SERIES 2012-1,<br><br>　　　Plaintiff,<br>v.<br><br>WILL S. CHAVIS, DALLAS CHAVIS,<br><br>　　　Defendants. | §§§§§§§§§§§§§§ Civil Action No. 3:21-cv-3184 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit VI Trust Series 2012-1 ("Plaintiff" or "Wilmington") files this, *Plaintiff's Original Complaint* against Will S. Davis and Dallas Chavis ("Defendants") and respectfully shows the Court:

### I.   PARTIES

1.   Plaintiff appears through the undersigned counsel.

2.   Rose M. Chavis ("Decedent") was a co-mortgagor under the Loan Agreement and co-owner of the Property at issue in this action. Decedent died on or about February 28, 2020. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county in which she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.   Pursuant to Texas Estates Code sections 101.001 and 101.051, Decedent's heirs at

law ("Heirs") acquired all of Decedent's estate immediately upon her death. Each Heir is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002.

4. Defendant Will S. Chavis is an obligor and husband of Decedent. Will S. Chavis may be served with process at 2580 Collin McKinney Parkway, Apt. 2508, McKinney, Texas 75070, or at any other place where he may be found. Summons is requested.

5. Defendant Dallas Chavis is an heir and son of Decedent. McKinney Dallas Chavis may be served with process at 2580 Collin McKinney Parkway, Apt. 2508, McKinney, Texas 75070, or at any other place where he may be found. Summons is requested.

## II.   PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 917 Blewitt Drive, Cedar Hill, Texas 75104, and more particularly described as,

> LOT 21, BLOCK 13, STONEWOOD HEIGHTS ADDITION, AN ADDITION TO THE CITY OF CEDAR HILL, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 86048, PAGE 1605, MAP/PLAT RECORDS, DALLAS COUNTY, TEXAS.

(The "Property").

## III.   JURISDICTION AND VENUE

7. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

8. Plaintiff Wilmington is not a citizen of Texas for diversity purposes and is considered a diverse party. Wilmington is the trustee of a traditional trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking

association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

9. Defendants are individuals and residents of the state of Texas.

10. In this suit Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to

foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Dallas County Appraisal District values the Property at $219,180.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

13. Venue is proper in the Northern District of Texas, Dallas Division because this suit concerns title to real property located in Dallas County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

### IV.   SUMMARY OF FACTS

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. On November 3, 2006, Defendant Will S. Chavis ("Borrower") executed a *Note with Balloon Payment* ("Note") in the principal amount of $21,740.00 at an annual interest rate of 9.700% and in favor of Resmae Mortgage Corporation ("Resmae"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

16. Concurrently with the execution of the Note, Defendant and his wife, the Decedent, executed a *Purchase Money Deed of Trust* ("Deed of Trust" and together with the Note, "Loan Agreement"), as grantor, granting Resmae, a security interest in the Property. The Deed of Trust was recorded in the official public records of Dallas County, Texas on November 9, 2006, under Instrument No. 200600417255. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

17. The Deed of Trust identified Mortgage Electronic Registration Services ("MERS") as the beneficiary of Deed of Trust as nominee for Resmae. Subsequently, on November 11, 2021, MERS transferred and assigned the Loan Agreement to Wilmington. The

Assignment of Deed of Trust ("Assignment") was recorded in the official public records of Dallas County, Texas on November 17, 2021, under Instrument No. 202100345527. A true and correct copy of the assignment is attached hereto as **Exhibit C**.

18. Plaintiff is the current holder and owner of the blank endorsed Note and beneficiary of the Deed of Trust. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

19. On February 28, 2020, Decedent, also co-mortgagor under the Loan Agreement and co-owner of the Property passed away. No probate has been opened for Decedent in the county in which the property is located and in which she died. Therefore, there is no personal representative of Decedent's estate to be made a party to this action. In accordance with Texas Estates Code sections 101.001(b) and 101.051, Decedent's Heirs acquired all of Decedent's interest in the Property immediately upon Decedent's death, subject to the Loan Agreement debt owed to Plaintiff.

20. Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refuse to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Deed of Trust.

21. The Loan Agreement is in default as of May 1, 2017. A *Notice of Default* ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on September 29, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

22. The default was not cured. A *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was served in accordance with the Loan Agreement and the Texas Property Code on November 10, 2021. A true and correct copy of the Notice of Acceleration is attached hereto

as **Exhibit E.**

23.     In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest again the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

V.     CAUSES OF ACTION

A.  **Enforcement of Statutory Probate Lien**

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     Pursuant to the Texas Uniform Declaratory Judgment Act in Texas Civil Practice and Remedies section 37.001, Plaintiff seeks a declaration that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the Texas Estates Code. Texas Estates Code sections 101.001 and 101.051 provide that the estate of a person who dies vests immediately in the person's heirs at law or devisees, subject to the payment of and still liable for the deceased person's debts.

26.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code sections 101.001 and 101.051, Plaintiff has an enforceable and superior lien against the interests of Decedent's Heirs. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien against the interests in the Property of Decedent's Heirs, in accordance with the terms of the Loan Agreement and Texas Property Code section 51.002 or Texas Rule of Civil Procedure 309.

B.  **Declaratory Judgment**

27.     The foregoing paragraphs are incorporated by reference for all purposes.

28.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this

Court that, as owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.001 (4) and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

29. Plaintiff has been forced to hire the undersigned attorneys to seek declaratory judgment because of Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the Defendants for its reasonable attorney's fees in this action, both through trial and in the event of subsequent appeal, as provided by the Deed of Trust signed by Borrower and Decedent.

### C. Non-Judicial Foreclosure

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court in accordance with Texas Rule of Civil Procedure 735 to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code section 51.002 with respect to Defendants, who acquired the Property subject to Decedent's debts.

32. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Since no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce, as well as into the housing stock of the community.

33. In the alternative, Pursuant to Texas Rules of Civil Procedure 735.3 and 309, Plaintiff seeks a judgment for foreclosure together with an order of sale issued to the county sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

### D. Breach of Contract

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Plaintiff asserts a cause of action for breach of contract against Defendants. The Loan Agreement is a contract and Plaintiff performed its obligations fully under it. Decedent and Defendants breached the contract by failing to substantially perform material obligations required under it (principally, the payment of amounts due under the Note). Such breach is the proximate cause of injury and damages to Plaintiff. For these damages, Plaintiff seeks a judgment of foreclosure of the Property.

### E. Trespass to Try Title

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under the Texas Uniform Declaratory Judgment Act in Texas Civil Practice and Remedies Code chapter 37, that the Defendants are divested of all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants is derived from a common source.

### F. Attorneys' Fees

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the terms of the Loan Agreement and Texas Civil Practice and Remedies Code sections 37.009 and 38.001, to the extent allowed under Section 50(a)(6), Article XVI of the Texas Constitution. Attorneys' fees are not sought as a personal judgment against Defendants, but only as an additional debt secured by the Security Instrument.

## PRAYER

For these reasons, Plaintiff requests that Defendants be cited to appear and answer and that, upon final hearing, the Court enter judgment granting:

a. A declaration from this Court, that as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that terms is defined under Texas Property Code 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and the purchaser at the foreclosure sale is vested with all of Defendants' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

d. Attorneys' fees and costs of suit, not as a personal judgment against Defendants but only as an additional debt secured by the Security Instrument; and

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Attorney in Charge
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
Of Counsel
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**